Keith Taylor
M.S.U.
Rusk State Hospital
P.O. Box 318
Rusk, Tx 75785

79,497-05/06

March 23rd, 2015

Court of Crim. Appeals
P.O. Box 12308,
Capitol Station
Austin, Tx 78711

Writ No: WR-79,497-05
WR-79,497-06

Re: Writ of Habeas Corpus Supplement:

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 30 2015

Abel Acosta, Clerk

Dear clerk,

Please Find enclosed the Following For Filing. Three Four (4) additional Grounds Numbered #11, #12, #13, #14 One(1) Copy of defendants judgement of conviction and one(1) copy of and Affidavit by Mrs. Melissa Taylor-Crompton. And a letter to the Travis County clerk sending them the same documents. (1) copy of Affidavit from John Cowerly.

I ask that you File these documents and submitt them to the Court. Thank you in advance For your assistance.

Sincerely,
Keith Tay
Keith Taylor

CC: File, Travis co. clerk

Keith TAYlor
m.s.u.
Rusk State Hospital
P.O. Box 318
Rusk, Tx 75785

March 23rd, 2015

Velva L. Price
Travis Co. Dist. Clerk                    Cause No:
P.O. Box 679003                           D-1-DC-11-300144-C
Austin, Tx 78767                          D-1-DC-12-904028-C
                                          Writ No:
                                          WR-79,497-05
                                          WR-79,497-06

Re: Writ of Habeas Corpus Supplement.

Dear Clerk,

        Please Find enclosed the Following For
Filing, (4) Four three additional Grounds Numbered #11,
#12, #13, #14 (1) Copy of defendants judgment of con-
viction and (1) one Copy of and Affidavit by Mrs.
melissa Crompton, John Converly.


        I ask that you File these documents
with your court. Thank For your assistance in
advance.

                                  Sincerely,
                                  Keith Tay
                                  Keith TAYlor

CC: File, C.C.A.

GROUND #11

Guilty plea was involuntary because counsel was ineffective for not requesting to have him evaluated for sanity

FACTS SUPPORTING GROUND: Counsel had the defendant evaluated for competency and the court appointed Dr. Richard Coons, on Sept. 13, 2011, Dr. Coons filed his report and stated that the defendants medications was necessary for him to maintain competency and that he continued to hear voices and is depressed. And he was under-treated but competent to stand trial, he also said that the defendant did not take his Anti-psychotic medications in the free world. This statement should have lead counsel to have the defendant evaluated for sanity at the time of the crime. Especially since he was not on his medications and was insane when the crimes was committed.

**WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.**

10

**GROUND: #11**

Guilty plea was involuntary because counsel was ineffective for not requesting to have him evaluated for sanity

**FACTS SUPPORTING GROUND:** Counsel had the defendant evaluated for competency and the court appointed Dr. Richard Coons, on Sept. 13, 2011, Dr. Coons filed his report and stated that the defendants medications was necessary for him to maintain competency and that he continued to hear voices and is depressed. And he was under-treated but competent to stand trial, he also said that the defendant did not take his Anti-psychotic medications in the free world. This statement should have lead counsel to have the defendant evaluated for sanity at the time of the crime. Especially since he was not on his medications and was insane when the crimes was committed.

**WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.**

10

**GROUND: #12**

Guilty plea was involuntary because counsel was ineffective for allowing him to waive his right to appeal and he is innocent

**FACTS SUPPORTING GROUND:** After the trial court denied defendants motion to throw out the identification. Counsel allowed the defendant to plead guilty knowing that he was innocent of the crime and the court should have suppressed the identification and when the court did not suppress it, Counsel allowed the defendant to waive his right to appeal knowing that this would be his only way to prove his innocence. Even if Counsel let him plead guilty he should never had let him waive his right to appeal the identification hearing. The defendant is innocent and can prove it through another identification hearing.

**WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.**

10

**GROUND: #12**

Guilty plea was involuntary because Counsel was ineffective for allowing him to waive his right to appeal and he is innocent

**FACTS SUPPORTING GROUND:** After the trial court denied defendants motion to throw out the identification. Counsel allowed the defendant to plead guilty knowing that he was innocent of the crime and the court should have suppressed the identification and when the court did not suppress it, Counsel allowed the defendant to waive his right to appeal knowing that this would be his only way to prove his innocence. Even if Counsel let him plead guilty he should never had let him waive his right to appeal the identification hearing. The defendant is innocent and can prove it through another identification hearing.

**WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.**

10

GROUND: #13

*Guilty plea was involuntary because Counsel was ineffective For not perfecting his Appeal or Filing a motion for new trial*

**FACTS SUPPORTING GROUND:** *Without being on his Anti-psychotic medications Counsel allowed defendant to plead guilty and waive his right to Appeal. Counsel was aware that the defendant need medications to be competent. Dr. Coons competency evaluation states it, plus the defendant sister told Counsel "he suffered from mental illness and needed medications." A inmate in the Travis County jail Filed and Appeal notice within 30 days, but didn't Know what he was doing. IF Counsel would have investigated and Knew defendant wasn't on his Anti-psychotic medications and was incompetent to enter a plea. With this Knowledge Counsel should have perfected a notice of Appeal on defendant's behalf or Filed a motion For a new trial to prove his innocence.*

**WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.**

10

GROUND #:/3

_Guilty plea was involuntary because Counsel was ineff-
ective For not perfecting his Appeal or Filing a motion for new trial_

FACTS SUPPORTING GROUND:

_Without being on his Anti-psychotic
medications Counsel allowed defendant to plead
guilty and waive his right to Appeal. Counsel
was aware that the defendant need medica-
tions to be competent. Dr. Coons competency
evaluation states it, plus the defendant sis-
ter told counsel "he suffered from mental
illness and needed medications." A inmate
in the Travis County jail Filed and Appeal
notice within 30 days, but didn't Know what
he was doing. IF counsel would have in-
vestigated and Knew defendant wasn't on
his Anti-psychotic medications and was in-
competent to enter a plea. with this Know-
ledge counsel should have perfected a notice
OF Appeal on defendant's behalf or Filed a mo-
tion For a new trial to prove his innocence._

**WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT
RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.**

10

**GROUND: #14**

*Guilty plea was involuntary because counsel was ineffective for not allowing defendant to view evidence*

**FACTS SUPPORTING GROUND:** *Trial Counsel recieved the discovery pack from the prosecutor's office and this discovery pack consist but not limited to the following: several video tapes from different Robbery cases and tape recorded phone conversations, in large volume. Travis County jail visiting records will show that trial counsel at no time while he represented the defendant entered the jail visiting room with any laptop, video or tape player's that would allow him to let the defendant view any and all evidence against him before he advised and allowed the defendant to plea Guilty. There is a large volume of video and tape recordings.*

**WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.**

10

**GROUND: # 14**

Guilty plea was involuntary because counsel was ineffective for not allowing defendant to view evidence

**FACTS SUPPORTING GROUND:** Trial Counsel recieved the discovery pack from the prosecutor's office and this discovery pack consist but not limited to the following: Several video tapes from different Robbery cases and tape recorded phone conversations, in large volume. Travis county jail visiting records will show that trial Counsel at no time while he represented the defendant entered the jail visiting room with any laptop, video or tape player's that would allow him to let the defend- ant view any and all evidence against him before he advised and allowed the defendant to plea Guilty. There is a large volume of video and tape recordings.

**WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT
RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.**

10

CASE NO. D-1-DC-11-300144    COUNT 1
INCIDENT NO./TRN: 9073833892

| | | |
|---|---|---|
| THE STATE OF TEXAS | Filed in The District Court of Travis County, Texas § APR 3 0 2012 At 9:10 A.M. Amalia Rodriguez-Mendoza, Clerk | IN THE 390TH DISTRICT |
| V. | | COURT |
| KEITH TAYLOR | | TRAVIS COUNTY, TEXAS |

STATE ID NO.: TX08725042

## JUDGMENT OF CONVICTION BY COURT—WAIVER OF JURY TRIAL

| | | | |
|---|---|---|---|
| Judge Presiding: | HON. JULIE KOCUREK | Date Judgment Entered: | 4/27/2012 |
| Attorney for State: | STEVE BRAND | Attorney for Defendant: | MARK SAMPSON |

Offense for which Defendant Convicted:
**AGGRAVATED ROBBERY WITH A DEADLY WEAPON-ENHANCED**

| Charging Instrument: | Statute for Offense: |
|---|---|
| INDICTMENT | 29.03 Penal Code |

Date of Offense:
**9/4/2010**

| Degree of Offense: | Plea to Offense: | Findings on Deadly Weapon: |
|---|---|---|
| 1ST DEGREE FELONY | GUILTY | YES, A FIREARM |

Terms of Plea Bargain:
**FORTY-FIVE (45) YEARS IN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE**

| Plea to 1st Enhancement Paragraph: | TRUE | Plea to 2nd Enhancement/Habitual Paragraph: | N/A |
|---|---|---|---|
| Findings on 1st Enhancement Paragraph: | TRUE | Findings on 2nd Enhancement/Habitual Paragraph: | N/A |

| | | | |
|---|---|---|---|
| Date Sentence Imposed: | 4/27/2012 | Date Sentence to Commence: | 4/27/2012 |

| Punishment and Place of Confinement: | FORTY-FIVE (45) YEARS INSTITUTIONAL DIVISION, TDCJ |
|---|---|

THIS SENTENCE SHALL RUN **CONCURRENTLY.**

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR **N/A** .

| Fine: $ N/A | Court Costs: $ 279.00 | Restitution: $ N/A | Restitution Payable to: ☐ VICTIM (see below) ☐ AGENCY/AGENT (see below) |
|---|---|---|---|

☒ Attachment A, Order to Withdraw Funds, is incorporated into this judgment and made a part hereof.

Sex Offender Registration Requirements do not apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62

The age of the victim at the time of the offense was **N/A** .

If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order.

| | From 11/23/2010 to 4/27/2012 | From | to | From | to |
|---|---|---|---|---|---|
| Time Credited: | From | to | From | to | From | to |

If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below.

**DAYS  NOTES: N/A**

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in Travis County, Texas. The State appeared by her District Attorney.

**Counsel / Waiver of Counsel (select one)**

☒ Defendant appeared in person with Counsel.
☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

Both parties announced ready for trial. Defendant waived the right of trial by jury and entered the plea indicated above. The Court then admonished Defendant as required by law. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea. The Court received the plea and entered it of record. Having heard the evidence submitted, the Court found Defendant guilty of the offense indicated above. In the presence of Defendant, the Court pronounced sentence against Defendant.

The Court FINDS Defendant committed the above offense and ORDERS, ADJUDGES AND DECREES that Defendant is GUILTY of the above offense. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

### Punishment Options (select one)

☒ **Confinement in State Jail or Institutional Division.** The Court ORDERS the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the Director, Institutional Division, TDCJ. The Court ORDERS Defendant to be confined for the period and in the manner indicated above. The Court ORDERS Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court ORDERS that upon release from confinement, Defendant proceed immediately to the TRAVIS COUNTY DISTRICT CLERK'S OFFICE, 509 WEST 11TH ST, SUITE 1.400 . Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court ORDERS Defendant immediately committed to the custody of the Sheriff of Travis County, Texas on the date the sentence is to commence. Defendant shall be confined in the Travis County Jail for the period indicated above. The Court ORDERS that upon release from confinement, Defendant shall proceed immediately to the TRAVIS COUNTY SHERIFF'S BONDING OFFICE, 509 WEST 11TH ST, SUITE 1.600 . Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a FINE ONLY. The Court ORDERS Defendant to proceed immediately to the Office of the Travis County Sheriff. Once there, the Court ORDERS Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

### Execution / Suspension of Sentence (select one)

☒ The Court ORDERS Defendant's sentence EXECUTED.

☐ The Court ORDERS Defendant's sentence of confinement SUSPENDED. The Court ORDERS Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court ORDERS that Defendant is given credit noted above on this sentence for the time spent incarcerated.

### Furthermore, the following special findings or orders apply:

**Deadly Weapon.**

The Court FINDS Defendant used or exhibited a deadly weapon, namely,TO WIT: A FIREARM    , during the commission of a felony offense or during immediate flight there from or was a party to the offense and knew that a deadly weapon would be used or exhibited. TEX. CODE CRIM. PROC. art. 42.12 §3g.

---

**Signed and entered on April 30, 2012**

X _Julie H. Kocurek_

**390TH JUDICIAL DISTRICT COURT**
JUDGE PRESIDING

Clerk: GR

**Right Thumbprint**

## GENERAL AFFADAVIT

STATE OF MICHIGAN

COUNTY OF SAGINAW

PERSONNALLY came and appeared before me, the undersigned Notary, the within named
Melissa Taylor-Crompton, who is resident of Saginaw County, State of Michigan, and makes this his
statement and General Affidavit upon oath and affirmation of belief and personal knowledge that the
following matters, facts, and things set forth are true and correct to the best of my knowledge:

1) My name is Melissa Taylor-Crompton, sister of Keith Taylor. I reside in Saginaw, Michigan
2) On or about Jan 2012, I received a phone call from attorney Mark Sampson and or an
   investigator; he asked if I would come to Texas and testify on Keith's behalf. I agreed to come
   down and do so.
3) He asked for information about Keith's mental health history, and I informed attorney since the
   death of our mother in 1993, Keith has suffered from mental illness and needed medications to
   maintain stability.
4) Keith Taylor also has suffered from Sickle Cell Anemia his whole life.

Dated this the ____19th____ day of __March__ , 2015

_____Melissa Crompton_____
Signature of Affiant

Sworn to and before me, this the 19th day of __March__, 2015.

_____Sandra Y. Bell_____
NOTARY PUBLIC

SANDRA Y. BELL
Notary Public, State of Michigan
County of Saginaw
My Commission Expires Nov. 10, 2021
Acting in the County of Saginaw

## GENERAL AFFADAVIT

STATE OF MICHIGAN

COUNTY OF SAGINAW

PERSONNALLY came and appeared before me, the undersigned Notary, the within named Melissa Taylor-Crompton, who is resident of Saginaw County, State of Michigan, and makes this his statement and General Affidavit upon oath and affirmation of belief and personal knowledge that the following matters, facts, and things set forth are true and correct to the best of my knowledge:

1) My name is Melissa Taylor-Crompton, sister of Keith Taylor. I reside in Saginaw, Michigan
2) On or about Jan 2012, I received a phone call from attorney Mark Sampson and or an investigator; he asked if I would come to Texas and testify on Keith's behalf. I agreed to come down and do so.
3) He asked for information about Keith's mental health history, and I informed attorney since the death of our mother in 1993, Keith has suffered from mental illness and needed medications to maintain stability.
4) Keith Taylor also has suffered from Sickle Cell Anemia his whole life.

Dated this the __19th__ day of __March__, 2015

_____
Signature of Affiant

Sworn to and before me, this the 19th day of __March__, 2015.

_____
NOTARY PUBLIC

SANDRA Y. BELL
Notary Public, State of Michigan
County of Saginaw
My Commission Expires Nov. 10, 2021
Acting in the County of Saginaw

## GENERAL AFFADAVIT

STATE OF MICHIGAN

COUNTY OF SAGINAW

PERSONNALLY came and appeared before me, the undersigned Notary, the within named _John Conerly_, who is resident of Saginaw County, State of Michigan, and makes this his statement and General Affidavit upon oath and affirmation of belief and personal knowledge that the following matters, facts, and things set forth are true and correct to the best of my knowledge:

1) I _John Conerly_ resided in Austin, Texas in April 27, 2012.
2) On April 27, 2012. I, _John Conerly_ a relative of Keith Taylor was at the Court proceeding of which was held at the 390th District Court.
3) As Keith Taylor entered the court room dressed in an orange and white uniform, wearing leg irons and belly chains, he made a statement "They just want the land my daddy left me."
4) He stood in front of the Judge; he often looked up and to the side mumbling to his self.
5) When being escorted out of the courtroom he was still mumbling to himself.
6) After court proceedings, I talked to Keith's lawyer and stated Keith did not look the same. Something seemed to be wrong with him.
7) I have known Keith Taylor to suffer from Mental Illness. I have witnessed him with medications and without. Clearly he appeared no to be in his right state of mind.

Dated this the 17th day of March, 2015

_John Conerly_
Signature of Affiant

Sworn to and before me, this the 17 day of March, 2015.

KRISTIN E PRINCE
Notary Public, State of Michigan
County of Saginaw
My Commission Expires Dec. 03, 2019
Acting in the County of Saginaw

_Kristin E Prince_
NOTARY PUBLIC

**GENERAL AFFADAVIT**

STATE OF MICHIGAN

COUNTY OF SAGINAW

PERSONNALLY came and appeared before me, the undersigned Notary, the within named _John Conerly_, who is resident of Saginaw County, State of Michigan, and makes this his statement and General Affidavit upon oath and affirmation of belief and personal knowledge that the following matters, facts, and things set forth are true and correct to the best of my knowledge:

1) I _John Conerly_ resided in Austin, Texas in April 27, 2012.
2) On April 27, 2012. I, _John Conerly_ a relative of Keith Taylor was at the Court proceeding of which was held at the 390th District Court.
3) As Keith Taylor entered the court room dressed in an orange and white uniform, wearing leg irons and belly chains, he made a statement "They just want the land my daddy left me."
4) He stood in front of the Judge; he often looked up and to the side mumbling to his self.
5) When being escorted out of the courtroom he was still mumbling to himself.
6) After court proceedings, I talked to Keith's lawyer and stated Keith did not look the same. Something seemed to be wrong with him.
7) I have known Keith Taylor to suffer from Mental Illness. I have witnessed him with medications and without. Clearly he appeared no to be in his right state of mind. .

Dated this the 17th day of March , 2015

_John Conerly_
Signature of Affiant

Sworn to and before me, this the 17 day of March, 2015.

KRISTIN E PRINCE
Notary Public, State of Michigan
County of Saginaw
My Commission Expires Dec. 03, 2019
Acting in the County of Saginaw

_Kristin E Prince_
NOTARY PUBLIC